JOHN FAHERTY, Respondent, *v.* THE SCHUYLER STEAM TOW-BOAT LINE, Appellant.

*Motion for a change of the place of trial to the proper county — not affected by an amendment as to the place of trial in the complaint after a demand has been made therefor.*

In the summons and complaint in this action, Orange county was designated as the place of trial. The plaintiff resided in Dutchess county and the defendant in Albany county. The defendant having demanded a change of the place of trial to Albany county, the plaintiff served an amended complaint designating Dutchess county as the place of trial, but did not amend the summons.

*Held,* that a motion thereafter made by the defendant to have the place of trial changed to Albany county, as the proper county, should have been granted.

*Rector* v. *The Ridgewood Ice Company* (38 Hun, 293; S. C., affirmed, 101 N. Y., 656) followed.

Appeal from an order made at the Dutchess county Special Term denying a motion for a change of the place of trial of the above entitled action.

The summons and complaint both named the county of Orange as the county in which the plaintiff desired the trial. The plaintiff resided in the county of Dutchess, and the defendant in the county of Albany. The defendant having demanded a change of the place of trial to Albany county, the plaintiff served an amended com-

plaint designating Dutchess, as the trial county, but did not amend his summons. The defendant again demanded a change to Albany county, and finally made this motion upon the grounds that Albany was the proper county, and because the convenience of witnesses would be promoted thereby. The justice deciding the motion at the Special Term held that the amended complaint controlled the place of trial, and that the convenience of witnesses would not be promoted by changing it from Dutchess to Albany county.

*W. Frothingham*, for the appellant.

*E. A. Brewster*, for the respondent.

PRATT, J.:

As an original question we incline to affirm the disposition of the motion at the Special Term. The change in the phraseology of section 417 of the Code of Civil Procedure seems only to indicate that plaintiff *must* specify his *desire* about venue in the summons, whereas under the old Code he need not have done that. The word "designates" is used of the matter of venue in the complaint (§ 481), and the same word is used in all the subsequent references to the same point. (§§ 987, 985 and 988.) It is a stronger and more suggestive word than "desire;" again the right to demand a change is predicated in the *designation* in the complaint, and not in the desire specified in the summons. When the demand is made the defendant must do just what plaintiff did in the summons, *i. e.*, specify what he *requires* which is one of the meanings of the term "desire," except that he must specify a "proper county," while plaintiff might specify *any* county, and the action *could* be properly tried in the county thus specified by plaintiff in his summons, unless defendant made the demand *and* plaintiff consented or the court *ordered* a change. The word *may* is used of the action of the court, while *must* is used of the other cases.

And again, if the summons is to *control*, why require any *designation* in the complaint at all? Besides this, the old rule, was according to the plaintiff's contention, and, generally speaking, the Code was intended only to express the judicial interpretations of the old rule. And again, the only *right* which defendant gained by his demand was to have the action tried in a "proper county." His mere specification of the county which he desired, would not

seem to render the county of plaintiff's residence an improper county or make that of defendant's the *only* " proper county."　But *Rector* v. *Ridgewood Ice Company* (22 Weekly Dig., 551; S. C., 38 Hun, 293; affirmed, 101 N. Y., 656) seems in point, and to rest on a change respecting the right to amend as of course within twenty days under section 542, *i. e.*, the amendment must be without prejudice to the proceedings already had.　It assumes that the demand for a change to the county specified by defendant in his demand, is a proceeding giving a *right*.　That does not seem to us to be the purpose.　For if the demand was not "followed by consent" under paragraph 985 the court does not seem *bound* to make the order.　It *may* do it. (§ 987.)　Why go the court at all to effect the change if the demand resulted in a *right*?　It may be that the case was affirmed on a question of discretion by the General Term, but as briefly reported, it seems to hold the right to amend as of course is abridged as matter of law, that it was too late in that case as matter of law, and if so, it was *too late* in this one.

We, therefore, reverse the order with costs, on the question of power alone, following what seems to be the rule established by the affirmance of the Rector case.　But the order should especially show this fact so that plaintiff may have the benefit of the point in the question of power.

We exercise no discretion.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order refusing to change place of trial reversed, and motion granted, with costs to abide the event.